UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| KYLE P. CALHOUN, | Case No. 3:24-cv-00421-MMD-CSD |
|---|---|
| Plaintiff | ORDER |
| v. | |
| BRAD POPE, et al., | |
| Defendants | |

Plaintiff Kyle Calhoun ("Plaintiff") files a motion seeking the appointment of counsel and a motion for enlargement of time. (ECF Nos. 4, 5). The Court will address each motion below.

**I.    Motion for Appointment of Counsel (ECF No. 4)**

In his motion, Plaintiff requests the appointment of counsel for the following reasons: (1) he cannot afford counsel; (2) the issues raised in this action are complex; (3) he suffers from ADHD and a brain injury; (4) he has limited access to the law library; and (5) he has a limited understanding of the law. (ECF No. 4 at 1).

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

In the instant case, the Court does not find exceptional circumstances that warrant the appointment of counsel. First, Plaintiff's inability to hire counsel, lack of understanding

of the law, and alleged complexities of the case are common circumstances that many inmate-plaintiffs raise in their motions seeking the appointment of counsel. *See Baker v. Macomber*, No. 2:15-CV-00248-TLN-AC, 2020 WL 1182495, at *1 (E.D. Cal. Mar. 12, 2020) (finding that "[c]ircumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel"). Second, while the Court takes Plaintiff's alleged ADHD and brain injury seriously, he has been able to file motions and pleadings in this action, showing that he can articulate his legal positions and requests. Therefore, the Court denies the motion for counsel without prejudice. (ECF No. 4).

## II.     Motion for Enlargement of Time (ECF No. 5)

In its screening order, the Court dismissed the complaint and allowed Plaintiff until April 12, 2025, to file an amended complaint. (ECF No. 3 at 6.) In his motion, Plaintiff requests an additional 180 days to file an amended complaint for the following reasons: (1) he is preparing for a criminal trial set for June 26, 2025; (2) the issues of the case are complex; (3) he is attempting to obtain counsel; and (4) he fears that the jail officials at Lyon County Detention Center will retaliate against him. (ECF No. 5 at 1).

For good cause shown, the Court grants his motion in part and denies it in part. Plaintiff shall file an amended complaint by **May 27, 2025**.

### Conclusion

IT IS THEREFORE ORDERED that Plaintiff's motion seeking the appointment of counsel (ECF No. 4) is denied without prejudice.

IT IS FURTHER ORDERED that Plaintiff's motion for enlargement of time (ECF No. 5) is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that Plaintiff shall file an amended complaint by **May 27, 2025**.

///

///

///

IT IS FURTHER ORDERED that, if Plaintiff fails to timely comply with this order, this case will be subject to dismissal without prejudice for failure to state a claim.

DATED: April 2, 2025.

_____
UNITED STATES MAGISTRATE JUDGE