1

2

3                      UNITED STATES DISTRICT COURT

4                            DISTRICT OF NEVADA

5                                    * * *

6    KYLE P. CALHOUN,                        Case No. 3:24-cv-00421-MMD-CSD

7                            Plaintiff,              DISMISSAL ORDER

         v.
8
     BRAD POPE, *et al.*,
9
                             Defendants.
10

11

12          Plaintiff Kyle Calhoun brings this civil rights action under 42 U.S.C. § 1983 to

13   redress constitutional violations that he claims he suffered while detained at Lyon County

14   Detention Center. (ECF No. 1-1 at 1.) On June 3, 2025, the Court, in its second order

15   granting Plaintiff's request for an extension of time to file an amended complaint, ordered

16   Plaintiff to file an amended complaint by July 3, 2025. (ECF No. 9 at 2.) The Court warned

17   Plaintiff that the action could be dismissed if he failed to file an amended complaint by

18   that deadline. (*Id.*) The deadline expired, and Plaintiff did not file an amended complaint,

19   move for an extension, or otherwise respond.

20          District courts have the inherent power to control their dockets and "[i]n the

21   exercise of that power, they may impose sanctions including, where appropriate . . .

22   dismissal" of a case. *See Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829,

23   831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a

24   court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th

25   Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs

26   to keep court apprised of address); *see also Malone v. U.S. Postal Service*, 833 F.2d 128,

27   130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining

28   whether to dismiss an action on one of these grounds, the Court must consider: (1) the

1  public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

2  docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of

3  cases on their merits; and (5) the availability of less drastic alternatives. *See In re*

4  *Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting

5  *Malone*, 833 F.2d at 130).

6        The first two factors, the public's interest in expeditiously resolving this litigation

7  and the Court's interest in managing its docket, weigh in favor of dismissal of Plaintiff's

8  claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal

9  because a presumption of injury arises from the occurrence of unreasonable delay in filing

10  a pleading ordered by the Court or from prosecuting an action. *See Anderson v. Air West*,

11  542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, the public policy favoring disposition

12  of cases on their merits, is greatly outweighed by the factors favoring dismissal.

13        The fifth factor requires the Court to consider whether less drastic alternatives can

14  be used to correct the party's failure that brought about the Court's need to consider

15  dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining

16  that considering less drastic alternatives before the party has disobeyed a court order

17  does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th

18  Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that

19  "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's

20  order as satisfying this element[,]" i.*e.*, like the "initial granting of leave to amend coupled

21  with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*).

22  Courts "need not exhaust every sanction short of dismissal before finally dismissing a

23  case but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779

24  F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and

25  unless Plaintiff files an amended complaint, the only alternative is to enter a second order

26  setting another deadline. But the reality of repeating an ignored order is that it often only

27  delays the inevitable and squanders the Court's finite resources. The circumstances here

28  do not indicate that this case will be an exception. There is no hint that Plaintiff needs

1  additional time nor is there evidence that he did not receive the Court's screening order.

2  Setting another deadline is not a meaningful alternative given these circumstances. Thus,

3  the fifth factor favors dismissal.

4        Having thoroughly considered these factors, the Court finds that they weigh in

5  favor of dismissal. It is therefore ordered that this action is dismissed without prejudice

6  based on Plaintiff's failure to file an amended complaint in compliance with the Court's

7  June 3, 2025 order and for failure to state a claim. The Clerk of Court is directed to enter

8  judgment accordingly and close this case. No other documents may be filed in this now-

9  closed case. If Plaintiff wishes to pursue his claims, he must file a complaint in a new

10  case.

11        DATED THIS 16th Day of July 2025.

12

13  _____

14       MIRANDA M. DU
     UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28